# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00032-CV

**In the Matter of M.R.S.**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-22,903, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The district court found beyond a reasonable doubt that M.R.S. committed criminal trespass and adjudicated him delinquent. The court placed him on probation in his mother's custody for six months.

M.R.S. stipulated at trial that he intentionally and knowingly entered the premises of a middle school with notice that such entry was forbidden and without the permission of the principal, who is the owner of the school for this purpose. By his sole issue on appeal, M.R.S. contends that the district court lacked jurisdiction over him because he should have been tried under a more specific statute with a less severe punishment range. *Compare* Tex. Educ. Code Ann. § 37.107 (West 1996) (trespass on school grounds, Class C misdemeanor), *with* Tex. Pen. Code Ann. § 30.05 (West 2004-05) (trespass, Class B misdemeanor). He argues that, because the lesser offense is a Class C misdemeanor and is not within the definition of delinquent conduct, the district court

lacked jurisdiction. *See* Tex. Fam. Code Ann. § 51.03(a) (West Supp. 2004-05); *see also* Tex. Const. art. V, § 19 (justice court has original jurisdiction over offenses punishable by fine only).

This Court has concluded in a similar juvenile case, however, that these statutes are not *in pari materia*, that the State could charge the juvenile under either statute, and that the district court had jurisdiction over the allegation of criminal trespass against the juvenile. *See In the Matter of J.M.R.*, No. 03-03-00749-CV, slip op. at 8 (Tex. App.—Austin Oct. 21, 2004, no pet. h.). This appeal is controlled by that decision.

We affirm the judgment of the district court.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: November 18, 2004